**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

TIMOTHY WAYNE EDDINGTON,   :
                                  :
        Plaintiff,          :
                                  :
v.                               :     Case No. 7:26-cv-42-WLS-AGH
                                  :
WARDEN WILLIE THOMAS,[1]   :
*et al.*,                        :
                                  :
        Defendants.    :

## ORDER

Plaintiff Timothy Wayne Eddington, who is currently in the Irwin County Detention Center in Ocilla, Georgia, initiated this case by filing a "motion to expedite a[n] emergency temporary restraining order and a preliminary injunction" asserting that he has been denied medical care.  ECF No. 1.  Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court."   Here, Plaintiff has not filed a complaint.   He also has not paid the $405.00 filing fee for a civil rights case or submitted a properly completed motion to proceed *in forma pauperis* ("IFP").

Therefore, if he wants to proceed with this case, Plaintiff is **ORDERED** to (1) file a complaint on the Court's standard form,[2]  and (2) either pay the $405.00 filing

---

[1] On the docket, Warden Thomas is listed as Warden Willie Mae Thomas.   Plaintiff filed a notice to the Court indicating that Mae is not Warden Thomas's middle name.   ECF No. 7.   The clerk is **DIRECTED** to update the docket by removing Mae from Warden Thomas's name.

[2] Because Plaintiff appears to be in federal custody and attempting to pursue claims against federal defendants, his complaint will be considered pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (hereinafter referred to as "*Bivens*").

fee or submit a properly completed motion to proceed IFP. If he is seeking to proceed IFP, Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Plaintiff should keep in mind that his recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action.[3] Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how each individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff has sent several letters and declarations to the Court in addition to his motions. *See* ECF Nos. 3, 5, 6, 8, & 9. In reviewing Plaintiff's claims, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed *Bivens* form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has

---

[3] In asserting his claims in the complaint, Plaintiff should be aware that the United States Supreme Court has held that a federal prisoner in custody at a privately-operated facility cannot maintain a *Bivens* action for improper medical care against employees of such facility because state tort law provides an adequate remedy for those claims. *Minneci v. Pollard*, 565 U.S. 118, 122-31 (2012). Thus, any claims against privately employed individuals in Plaintiff's complaint will not state a claim for relief under federal law.

previously alleged it in another filing.   As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) file his complaint on the Court's standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP.[4]   The **CLERK** is **DIRECTED** to mail Plaintiff a standard *Bivens* complaint form and a copy of the Court's standard IFP application and associated documents with this order. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 28th day of April, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[4] Consideration of Plaintiff's motions for injunctive relief (ECF Nos. 1 & 4) is deferred pending Plaintiff's filing of a complaint and resolution of the filing fee issue.