**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| TIMOTHY WAYNE EDDINGTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:26-cv-42-WLS-AGH |
| | : | |
| Warden WILLIE THOMAS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **RECOMMENDATION OF DISMISSAL**

On February 23, 2026, the Court received a filing labeled a "motion to expedite a[n] emergency temporary restraining order . . . and a preliminary injunction" asserting that Plaintiff has been denied medical care. ECF No. 1. Plaintiff failed to file a complaint, pay the filing fee, or submit a motion to proceed *in forma pauperis* (IFP). Thus, the Court ordered Plaintiff to file a complaint on the Court's standard form and to either pay the $405.00 filing fee or submit a motion to proceed IFP within fourteen days. Order, Apr. 28, 2026, ECF No. 10. The Court warned Plaintiff that failure to comply could result in the dismissal of this case, and he was cautioned that a failure to promptly inform the Court of any address change could also result in the dismissal of this case. *Id.*

On May 19, 2026, Plaintiff sought an extension of time to comply with the Court's April 28, 2026 Order, and that same day, the Court granted Plaintiff an extension of the time to comply until June 15, 2026 (ECF Nos. 11, 12). On June 8, 2026, the Order granting Plaintiff an extension was returned to the Court as

undeliverable because Plaintiff was no longer located at the facility that he was detained in when he initiated this case. Mail Returned, ECF No. 13. Plaintiff did not submit a notice of his address change, as he had previously been directed to do.

The extended time for Plaintiff to comply expired without Plaintiff filing a recast complaint, paying the filing fee, moving to proceed IFP, or notifying the Court of his address change. As a result, on July 7, 2026, the Court ordered Plaintiff to show cause within fourteen days why his case should not be dismissed for Plaintiff's failure to comply with the Court's orders and Plaintiff's failure to inform the Court of his current address. Order, ECF No. 14. Plaintiff was again instructed that he must still comply with the Court's order to file a complaint and to address the filing fee. *Id.* at 2. The Court—on its own initiative—located what appeared to be an address for Plaintiff and directed the Clerk to send a copy of the Order to Show Cause to Plaintiff at that address. *Id.* at 2 n.1.

The time for compliance again expired, and Plaintiff failed to file a complaint, address the filing fee, or notify the Court of his whereabouts. Consequently, Plaintiff's failure to comply and to keep the Court informed of his mailing address is a failure to diligently prosecute this action warranting its dismissal. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch.*

*Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1] Moreover, this action simply cannot proceed if the Court does not have a current mailing address for Plaintiff. The Court therefore **RECOMMENDS** that Plaintiff's action be **DISMISSED without prejudice** and that Plaintiff's motions (ECF Nos. 1, 4) be **DENIED as moot.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 4th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.